## Mellott v. Mellott

*John R. Jackson* and *S. W. Kirk*, for plaintiff; *John P. Sipes*, for defendant.

McPHERSON, P. J., March 21, 1932.—The motion for a new trial in this case is based upon the alleged error on the part of the court in admitting in evidence as part of the plaintiff's chain of title two deeds from James Wilson to Benjamin Chew, recorded in the Office of the Recorder of Deeds in and for Bedford County, in Deed Book "D," pages 394 and 395, respectively. One of the deeds was executed and delivered on April 14, 1795, and, in consideration of the sum of $8000, paid to James Wilson, the grantor, conveyed to Benjamin Chew, the younger, grantee, "16,000 acres of land in the Townships of Providence, Belfast, and Ayr in the County of Bedford, Commonwealth of Pennsylvania, which the said James Wilson purchased of a certain Thomas Logan, and patents for which have been granted by the said Commonwealth to the said James Wilson in fee." The other deed was dated, executed and delivered April 16, 1795, by James Wilson, grantor, to Benjamin Chew, the younger, grantee, and for the sum of $10,000 purported to convey to the grantee "12,000 acres of land situate in the Townships of Providence, Belfast, Ayr, Hopewell, Bethel and Colerain in the County of Bedford, Commonwealth of Pennsylvania, which the said James Wilson purchased of a certain Thomas Logan and others, and for which patents have been granted by the said Commonwealth to the said James Wilson in fee."

The particular objection urged by the defendant to the admission of these deeds is that the description contained therein is too vague and uncertain, and that, therefore, the conveyances are void.

In view of the allegation in the deeds, as part of the description of the land conveyed, that they were lands purchased from specific individuals and for which patents had been granted by the Commonwealth to the grantor, we are of the opinion that by this reference any surveyor, following out the same, would be enabled to specifically designate and describe the land intended to be granted and thus make certain what, on its face, is alleged to be an uncertain description.

If, however, this conclusion is incorrect, we are yet of the opinion that the motion for a new trial should not be granted.

At the trial, the plaintiff offered in evidence in support of his title a certified copy of the patent issued by the Commonwealth of Pennsylvania to James Wilson for the Charles Logan warrant, situate in Providence and Belfast Townships, Bedford County, Pa., dated August 21, 1794; also a certified copy of the survey of the Charles Logan warrant showing its location and that it contained 417 acres and 153 perches and allowances, surveyed April 24, 1794, in pursuance of the warrant dated March 11, 1794.

The plaintiff offered in evidence a deed from James Wilson to Benjamin Chew, dated April 16, 1795, which conveyed "12,000 acres of land situate in the Townships of Providence, Belfast, Ayr, Hopewell, Bethel and Colerain, in the County of Bedford, Commonwealth of Pennsylvania, which the said James Wilson purchased of a certain Thomas Logan and others, and for which patents have been granted by the said Commonwealth to the said James Wilson in fee." The will of Benjamin Chew, the grantee in said deed, was then offered in evidence, a certified copy thereof having been recorded in Fulton County. There was then offered in evidence a deed from Henry B. Chew, William W. Chew and James M. Mason, surviving executors of Benjamin Chew, to Rowland Austin and James C. Austin, dated August 12, 1850, and recorded in the recorder's office of Fulton County in Deed Book Vol. 1, page 141, on April 16, 1852, which conveyed, or purported to convey, a tract of land warranted in the name of Charles Logan under date of March 11, 1794, and patented August 21, 1794, and containing 417 acres and 152 perches, and allowances. In this deed it was recited that the tract of land conveyed had been granted by the Commonwealth of Pennsylvania to James Wilson, who, in turn, conveyed the same by his deed dated April 16, 1795, and recorded in the deed records of Bedford County, to Benjamin Chew.

Other deeds, subsequent to the deeds of the executors of Benjamin Chew to Rowland and James C. Austin, were offered in evidence, bringing the paper title into the plaintiff. In all these deeds the land purported to be conveyed thereby was referred to as the Charles Logan warrant and containing 417 acres and 153 perches, or a part thereof.

Under the authority of Dougherty v. Welshans, 233 Pa. 121, we are of the opinion that the recitals above referred to in these ancient deeds were evidence of the facts recited, and thereby the identity of the land contained in the Charles Logan warrant with the land conveyed by the deed of James Wilson to Benjamin Chew, dated April 16, 1795, as part of the 12,000 acres conveyed, was sufficiently established to justify the receipt of said deed in evidence as part of the plaintiff's chain of title. In addition, under the authority of the above case, these recitals would be evidence of the fact that the title to the Charles Logan warrant had been conveyed by the Commonwealth to James Wilson, and by him conveyed to Benjamin Chew, and the deed of the surviving executors of Benjamin Chew to Rowland and James C. Austin was evidence of the continuance of the title so acquired in Chew at the time of his death. Under this evidence, the jury was justified in finding that the title was out of the Commonwealth,

and through the conveyances so recited, had vested in the predecessors in title of the grantor of the plaintiff.

In addition, it may be noted that in the presentation of the defendant's case he offered in evidence a chain of title from the grantor under whom the plaintiff claimed, and thereby relied upon the source of title given to him and to the plaintiff, about which he now complains.

In view of the above conclusion, the motion for a new trial is overruled, and judgment must be entered in favor of the plaintiff and against the defendant on the verdict rendered upon payment of the jury fee.

And now, March 21, 1932, motion for a new trial is overruled and judgment is directed to be entered in favor of the plaintiff on the verdict upon the payment by him of the jury fee.